IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

SARKODIE YAW OSEI,

    Plaintiff,

v.

SAM'S CLUB (WAL-MART INC.)[1]

    Defendant.

Case No.: GJH-17-2284

## MEMORANDUM OPINION

*Pro Se* Plaintiff Sarkodie Yaw Osei filed an action against Defendant Sam's East, Inc. in the Circuit Court for Montgomery County on June 29, 2017, ECF No. 2, which Defendant removed to this Court on August 10, 2017. ECF No. 1. Now pending before the Court is Defendant's initial and renewed Motion to Dismiss, ECF Nos. 14 and 29, and Plaintiff's Objection to Case Removal, ECF No. 17, construed as a Motion to Remand. No hearing is necessary. Loc. R. 105.6 (D. Md. 2016). For the following reasons, Defendant's Motion to Dismiss is granted, and Plaintiff's Motion to Remand is denied.

### I. BACKGROUND

Plaintiff was previously employed by Defendant at its Sam's Club store in Gaithersburg, Maryland and asserts claims against Defendant for political persecution, discrimination, and attempted wrongful termination. ECF No. 2. Plaintiff appears to allege that Defendant discriminated against him by assigning him extra work and ignoring his requests for help in 2017. *Id.* ¶ 2. However, the majority of Plaintiff's Complaint and subsequent filings with the

---

[1] The proper defendant is Sam's East, Inc., and the case caption will be updated accordingly.

1

Court allege that Plaintiff is the victim of an international conspiracy and persecution by U.S. and Ghanaian Government agents, aided by Defendant and its corporate parent Wal-Mart Stores, Inc., based on Plaintiff's opposition to the "New Patriotic Part[y] (NPP)" political party in Ghana. *See* ECF Nos. 2, 17, 22, 27.

Plaintiff filed his Complaint in the Circuit Court for Montgomery County on July 11, 2017. Defendant alleges that Plaintiff did not serve its resident agent; rather, a sheriff's deputy handed a copy of the Complaint to Yahaira Castro, the co-manager of Defendant's Gaithersburg store. *See* ECF No. 14-1 ¶¶ 8–10. Regardless, Defendant timely removed the action to this Court on August 10, 2017 based on diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

## II. DISCUSSION

### A. Motion to Remand

On September 6, 2017, Plaintiff filed his Objection to Case Removal From the Circuit Court, ECF No. 17, which the Court will construe as a Motion to Remand. However, because removal was proper, the motion will be denied. Pursuant to 28 U.S.C. § 1332(a), the Court has original jurisdiction of all civil actions where the matter in controversy exceeds $75,000 and the action is between citizens of different States. Defendant is incorporated in Delaware, with its principal place of business in Arkansas. *See* ECF No. 16 ¶ 2. Plaintiff states that he is a resident of Maryland, ECF No. 17 ¶ 6, and has alleged damages in the amount of five million dollars. *See* ECF No. 2 at 3; *see also id.* at 1 (listing Plaintiff's mailing address as P.O. Box 803, Germantown, Maryland).[2] Plaintiff appears to argue that Defendant is a citizen of Maryland based on the location of its Gaithersburg store. *See* ECF No. 17 ¶ 7. However, because a

---

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

2

corporation is deemed to be a citizen of every State in which it has been incorporated and the State where it has its *principal* place of business, Defendant is a citizen of Delaware and Arkansas. *See* 28 U.S.C. § 1332(c)(1).[3] Therefore, diversity of citizenship exists, removal is proper, and Plaintiff's Motion to Remand is denied.

### B. Motion to Dismiss

At the outset, the Court recognizes that a "document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *See Linlor v. Polson*, 263 F. Supp. 3d 613, 618–19 (E.D. Va. 2017) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)) (internal quotations omitted). However, the Court may not ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). The Court may not act as the *pro se* plaintiff's advocate and develop claims that he failed to clearly raise. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Nor may the Court excuse a *pro se* plaintiff's failure to satisfy the procedural requirements of service of process. *See Gray v. Allied Waste Services of Washington*, No. RWT-11-1612, 2012 WL 2871422, at *2 (D. Md. July 11, 2012) (citing *Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) and *Hansan v. Fairfax County Sch. Bd.*, 405 F. App'x 793, 794 (4th Cir. 2010)).

Defendant construes Plaintiff's Complaint to be a claim for discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, or the Maryland Human Rights Act ("MHRA"), Md. Code, State Gov't § 20-101 *et seq.*, and provides the Court with three separate bases to dismiss the action under Federal Rules of Civil Procure 12(b)(1), (5), and (6). ECF No. 14-1 at 8. First, Defendant argues that the Court lacks jurisdiction over Plaintiff's

---

[3] While Plaintiff argues that he does not reside at his listed Germantown PO Box mailing address, Plaintiff states that he is a resident of Maryland and does not give the Court any basis to find that he is a citizen of either Delaware or Arkansas to defeat complete diversity of citizenship. *See* ECF No. 17 ¶ 6.

3

discrimination claim because Plaintiff failed to exhaust his administrative remedies. *Id.* (citing *Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 406 (4th Cir. 2013) (under Title VII, "[a]n employee seeking redress for discrimination cannot file suit until she has exhausted the administrative process") and *Cuffee v. Verizon Commc'ns, Inc.*, 755 F. Supp. 2d 672, 678 (D. Md. 2010) ("like Title VII, the MHRA does require that would-be plaintiffs first file a charge of discrimination with an enforcement agency"). Second, Defendant argues that Plaintiff failed to properly serve its resident agent pursuant to Maryland Rule of Civil Procedure 2-124(d). ECF No. 14-1 at 5. Third, Defendant argues that Plaintiff has failed to plead a *prima facie* case of discrimination or retaliatory discharge. ECF No. 14-1 at 9 (citing *Nichols v. Comcast Cablevision*, 84 F. Supp. 2d 642, 653 (D. Md. 2000) (providing the four elements of a *prima facie* case of discrimination)).

Defendant can prevail on any one of its three bases; however, because Plaintiff's Complaint fails to provide "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8(a)(2), much less meet the standards set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) to "state a claim to relief that is plausible on its face," the Complaint must be dismissed at the outset, and the Court need not address Defendant's remaining arguments in detail. Even after liberal construction of the Complaint, the Court is unable to discern a cognizable claim against Defendant. *See Spencer v. Earley*, 278 F. App'x 254, 259–60 (4th Cir. 2008) (quoting *Haines v. Kerner*, 404 U.S. 519, 521 (1972) ("d]ismissal of a pro se complaint ... for failure to state a valid claim is [ ] only appropriate when, after applying this liberal construction, it appears 'beyond doubt that the plaintiff can prove *no set of facts* in support of his claim which would entitle him to relief'")) (emphasis in original). While Plaintiff invokes general language suggestive of

4

employment discrimination, he alleges no set of facts to support the notion that he was discriminated against, wrongfully terminated, or constructively discharged by Defendant. Rather, the Complaint alleges that Defendant is party to an international conspiracy set up to persecute Plaintiff because of his opposition to a Ghanaian political party. In contrast to practice under Rule 12(b)(6), where a court must presume the truthfulness of the allegations set forth in the complaint, a court need not do so when determining jurisdiction under Rule 12(b)(1). *See O'Connor v. U.S.*, 159 F.R.D. 22, 25 (D. Md. 1994) (citing *Ohio National Life Insurance Company v. United States*, 922 F.2d 320 (6th Cir.1990)). Under Rule 12(b)(1), Courts may dismiss such "patently insubstantial" complaints *sua sponte* where the complaint's "factual contentions are clearly baseless" and include "claims describing fantastic or delusional scenarios." *See id.* (citing *Neitzke v. Williams*, 490 U.S. 319, 327 n.6 (1989)); *see also Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (federal courts lack power to entertain claims that are "so attenuated and unsubstantiated as to be absolutely devoid of merit").

Plaintiff has been afforded an opportunity to respond to Defendant's arguments and clarify his cause of action but has refused to do so.[4] Moreover, Plaintiff's last pleading, entitled "It Is Finished" sets forth additional conspiracy theories that make no mention of Defendant and state that he is departing for Ghana and will never return to the United States. ECF No. 27 at 1. The Court will not attempt to extract a legally cognizable claim from Plaintiff's pleadings any further, and his Complaint must be dismissed.

---

[4] On September 25, 2017, Plaintiff filed various pleadings with the Court contending that he had not received the Court's Standing Order Concerning Removal, ECF No. 10, Defendant's response thereto, ECF No. 16, and Defendant's Motion to Dismiss, ECF No. 14, when filed. *See* ECF Nos. 19–22. However, the docket reflects both electronic and mail service of the filings Plaintiff claims to not have received. Plaintiff is in possession of these filings and has not requested additional time to reply.

## III. CONCLUSION

For the foregoing reasons, Defendant's initial and renewed Motion to Dismiss, ECF Nos. 14 and 29, shall be granted. Plaintiff's Motion to Remand, ECF No. 17, shall be denied. A separate Order follows.

Dated: February 12, 2018

_____
GEORGE J. HAZEL
United States District Judge